```
 1  MICHAEL B. STONE, ESQ., Bar #160177
    Attorney at Law
 2  3020 Old Ranch Parkway, Suite 300
    Seal Beach, CA 90740
 3  (310) 776-7500
    (310) 861-0647 Fax
 4  michael.b.stone@att.net

 5  Attorney for Creditor
    ANDRE SOUANG
 6

 7
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re: | ) | Case No. 11-59896-SLJ |
|---|---|---|
| DAVID RANDALL TINSLEY BOITANO and JEANNINE MARIE ASTURIAS-TINSLEY, | ) ) ) ) | Chapter 11 R.S. No. RS-MBS-002 |
| Debtors. | ) ) ) ) ) ) ) | SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY Assigned to Honorable Stephen L. Johnson U.S. Bankruptcy Judge |

**CREDITOR AND MOVANT, ANDRE SOUANG**, respectfully submits the following supplemental points and authorities, as requested by the Court, in support of his Motion for Relief from the Stay:

1.  **THE SUPERIOR COURT ACTION**

Debtors fell behind on their mortgage, and as of June 22, 2010, they had entered into a Forbearance Agreement under which Deutsche Bank and OneWest Bank (the "Lenders") would have the right to foreclose, without further notice to Debtors, if

Debtors violated any of its terms (Rec. # 346-347)[1].

On October 12, 2010, Movant purchased the subject real property at a trustee's sale. (Rec. # 20-23)[2]. Debtors filed a civil complaint in San Luis Obispo Superior Court seeking injunctive relief against issuance of the Trustee's Deed (Rec. # 331-347). They obtained a temporary restraining order (Rec. # 293-294), but they did not pursue a preliminary injunction, and the TRO expired. They later dismissed the complaint (Rec. # 243-245). Movant filed a Lis Pendens (Rec. # 255-259); and a cross-complaint (Rec. # 217-227) seeking quiet title, specific performance against the lenders, and damages against the Tinsleys for rent and for abuse of process. Each Debtor asserted under oath (Rec. # 343-344) that they had performed the Forbearance Agreement (Complaint, ¶ 11, Rec. # 333-334). But Debtors refused to respond to Movant's discovery requesting proof of this alleged performance (Rec. # 159). They also did not respond to Petitioner's summary adjudication motion (Rec. # 58-89). However, the Lenders admitted that Debtors had not in fact performed the Forbearance Agreement (Rec. #49-50, Undisputed Facts 10 and 11).

**2.  RELIEF FROM STAY SHOULD BE GRANTED TO PERMIT MOVANT TO PERFECT THE SALE AND TO PERMIT THE LENDERS TO COMPLY WITH THE SUPERIOR COURT'S ORDER GRANTING SPECIFIC PERFORMANCE.**

---

[1]  Citations are to the excerpts of the Superior Court record previously lodged by movant.

[2]  The purchase price is presumed to be "a fair and proper price, or a 'reasonably equivalent value.'" *BFP v. Resolution Trust Co.*, 511 U.S. 531, 545, 114 S.Ct. 1757, 128 L.Ed.2d. 556 (1994).

"[A] properly conducted trustee's sale is final between the parties and conclusive as to a bona fide purchaser. (Citations.)" *Melendrez v. D & I Investment, Inc.*, 127 Cal.App.4th 1238, 1249-1250 (Cal. App. 2005).

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay [if] (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 USC § 362(d)(2).

It is not Movant but the Lenders who require relief from the stay. Movant contends that acts to perfect the sale are exempt from the stay pursuant to 11 USC § 362(b)(3) (and that the Superior Court's Order (Rec. # 20-24) was also exempt under Section 362(b)(3) and therefore valid). The Lenders refuse to obey the Superior Court Order unless relief from stay is granted.

Relief from the stay is proper to permit Petitioner to obtain and record the deed and otherwise secure possession of the premises. *In re Engles*, 193 B.R. 23, 25-26 (Bankr. S.D. Cal. 1996). "When a purchaser receives equitable title at a [sale], but legal title remains in a debtor, and the debtor thereafter files for bankruptcy, cause exists to lift the stay to allow the equitable owner to gain legal title." *In re Golden*, 190 B.R. 52, 58 (W.D. Pa. 1995). In such cases the debtor has no equity in the property, nor is the property necessary for an effective reorganization (*see* 11 USC § 362(d)(2)). *In re Jewett*, 146 B.R. 250, 252 (9th Cir. BAP 1992).

"The bankruptcy estate includes 'all legal and equitable interests of the debtor in property as of the commencement of the case.' 11 U.S.C. § 541(a)(1). Except for the rights of the bankruptcy trustee to enlarge the bankruptcy estate under 11 USC §§ 544, *et seq.*, the property interests which pass to the bankruptcy estate are no more extensive than those possessed by the debtor as of the date of filing. Filing bankruptcy cannot revest the debtor with property lost prepetition by foreclosure or eviction." *In re Whitlow,* 410 B.R. 220, 223 (Bankr. W.D. Va. 2009).

**3. THE SALE CANNOT BE AVOIDED UNDER SECTION 544(a)(3) BECAUSE MOVANT RECORDED A LIS PENDENS, THE TRUSTEE THEREFORE HAS CONSTRUCTIVE NOTICE OF HIS CLAIM, AND THEREFORE THE TRUSTEE CANNOT STAND IN THE SHOES OF A BONA FIDE PURCHASER.**

The recordation of a lis pendens imparts constructive notice of the contents thereof to subsequent purchasers and mortgagees. *Cal. Civil Code* § 1213.

A trustee who has constructive notice of a claim by means of a properly recorded lis pendens cannot be a bona fide purchaser. "Although Code § 544(a)(3) elevates a trustee to the status of a bona fide purchaser even if the debtor had actual knowledge of an adverse interest, it does not clothe a trustee with this protective mantle if there was no way, under the applicable state law, that anyone could attain the status of a bona fide purchaser. (Citation). Under Code § 544(a)(3), constructive notice is imputed to a hypothetical purchaser." *In re Borison*, 226 B.R. 779, 787 (Bankr. S.D. N.Y. 1998).

## 4. CONCLUSION

For the foregoing reasons, Creditor and Movant Andre Souang respectfully submits that his Motion for Relief from the Automatic Stay should be granted.

Dated: January 6, 2012          **LAW OFFICES OF MICHAEL B. STONE**

/S/MICHAEL B. STONE, ESQ.
Attorney at Law
Attorney for Creditor
ANDRE SOUANG

# PROOF OF SERVICE BY MAIL

I, the undersigned, declare: I am over 18 years of age and not a party to this action. My business address is 3020 Old Ranch Parkway, Seal Beach, California 90740. On January 6, 2012, I served the

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM STAY**

on the interested parties: I placed a true copy or copies thereof in a sealed envelope, first class postage prepaid, addressed and placed for same-day mailing according to the regular practice of this office with which I am regularly familiar, addressed and mailed as follows:

Charles B. Greene, Esq., Attorney for Debtors, by CM/ECF System
Jesse W. Jack, Esq., Attorney for Debtors, by CM/ECF System
United States Trustee, by CM/ECF System
Chapter 11 Trustee, by CM/ECF System

Christopher E. Schumb, Esq.
10 Almaden Blvd., Suite 1250
San Jose, CA 95113

(Attorney for Urban West LLC)

Richard J. Bauer, Jr., Esq.
Miles, Bauer, Bergstrom & Winters LLP
1231 E. Dyer Rd., Suite 100
Santa Ana, CA 92705

(Attorneys for Wells Fargo Bank, N.A.)

Honorable Stephen L. Johnson
U.S. Bankruptcy Judge
280 South First Street, Room 3035
San Jose, CA 95113-3099

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Seal Beach, California this 6th day of January, 2012.

/S/MICHAEL B. STONE